UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAGICFIRE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| FIREWORKS BY GRUCCI, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT

Plaintiff MagicFire, Inc. brings this action against Fireworks by Grucci, Inc. for patent infringement.

## PARTIES

1. MagicFire, Inc. ("MagicFire") is a Massachusetts corporation with its principal place of business at 2 Oakland Terrace, Natick, MA, 01760.

2. Fireworks by Grucci, Inc. ("Grucci"), upon information and belief, is a New York corporation with a principal place of business at 20 Pinehurst Drive, Bellport, NY 11713.

## JURISDICTION AND VENUE

3. This is an action arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also has subject matter jurisdiction on the independent basis of diversity of citizenship, 28 U.S.C. § 1332(a)(2). The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

4. The Court has personal jurisdiction over Grucci because Grucci solicits and transacts business in this district. On information and belief, Grucci has engaged in substantial and continuous contacts with this district, including infringing sales and offers for sale of its fireworks display services in this district using infringing fireworks display services. Grucci places infringing products into the stream of commerce – including by way of its website, www.grucci.com – with the knowledge that such services, using infringing fireworks products -- will be sold in this district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 1400(b), in that a substantial part of the events giving rise to this Complaint occurred in this district and because Grucci is a corporation subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

6. MagicFire is a leading pyrotechnic company offering electronic products and systems for firework ignition, control, and display, including electronic ignitors. MagicFire offers patented methods and systems for pyrotechnic ignition and display.

7. On December 10, 2002 the United States Patent and Trademark Office (the "PTO") lawfully issued United States Patent No. 6,490,977 (the "'977 patent"). A true and correct copy of the '977 patent is attached as Exhibit 1.

8. MagicFire is the assignee and owner of all right, title and interest in the '977 patent.

### Grucci's Relationship With Pyrotechnic Management, Inc. and the FireOne System

9. On information and belief, Pyrotechnic Management, Inc. ("PMI") is a manufacturer of computerized firing systems headquartered at 863 Benner Pike Suite 100, State College, PA 16801. PMI currently produces and sells the FireOne system, a combination of

hardware and software capable of advanced digital fireworks firing and choreography (the "FireOne System"). PMI's website describes the system as the "Photoshop of the fireworks world".

10. On information and belief, the FireOne System is an embodiment of U.S. Patent No. 8,151,707, (the "'707 patent), which is owned by PMI. A true and correct copy of the '707 patent is attached as Exhibit 2. The '707 patent is generally directed to an electronic pyrotechnic ignitor and ignition system. The embodiments described in the '707 patent are generally described as a pyrotechnic ignitor and ignition system comprising a voltage storage component in communication with a break charge and a processor, which together provide precision timing for pyrotechnic lift and detonation (hereafter the "Patented FireOne System"). Specifically, the Patented FireOne System includes the following elements: a battery-powered control panel in communication with firing modules containing microprocessors for controlled firing of pyrotechnic shells.

11. MagicFire conducted an analysis of the embodiments of the '707 patent. This analysis revealed that the practice of the embodiments disclosed in the '707 patent falls within the scope of the claims of the '977 patent. On information and belief and upon review of the '707 patent, any products and services provided by Grucci that use the FireOne System would infringe the '977 patent.

### Grucci's Infringing Conduct

12. Upon information and belief, Grucci offers fireworks display services in this district and throughout the United States, including, in the past, U.S. Presidential inaugurations, the Olympic Games, and large-scale Fourth of July and New Year's Eve celebrations.

13. Grucci was an early customer of MagicFire's patented products, including the "Type G Field-programmable Precision Electronic Pyrotechnic Ignitor" and "Field Programmer", which have been sold since 2004. MagicFire's records indicate that Grucci's heaviest volume of MagicFire orders came in 2003-2004, including multiple "Type G" Ignitors and a Field Programmer. Grucci's orders declined thereafter until they stopped entirely in 2007, one year after Phil Grucci (President, Grucci) declined MagicFire's offer for a mutually beneficial partnership.

14. In late 2007, a company called i-Match International, LLC ("i-Match"), a company having the same published address as PMI, presented a paper at the 10th International Symposium on Fireworks describing "A STATE-OF-THE-ART PRECISION ELECTRONIC PYROTECHNIC IGNITOR". The paper was presented by Ken Schroyer and Dan Barker, respectively an employee and the President of PMI. A copy of the paper is attached as Exhibit 3.

15. In 2013 and 2014, public statements and articles made reference to certain computerized firework devices used by Grucci. A CBS News report dated July 5, 2013 quoted Grucci as "hav[ing] a type of firework device [with] a programmable chip inside." The report is attached as Exhibit 4. A Grucci Press Release dated September 3, 2014 makes reference to "a proprietary precision computer chip (the Grucci Patented G-Match)." A copy of this Press Release is attached as Exhibit 5. A Grucci Press Release dated October 19, 2014 also makes reference to a "proprietary precision computer chip (the Grucci Patented G-Match)." A copy of this Press Release is attached as Exhibit 6. The Boston Pops website on June 21, 2015 makes reference to a "proprietary launching system [which] provides us the ability to precisely control the burst altitude a firework effect appears in the sky." A copy of this website is attached as Exhibit 7. On information and belief, there are no United States patents assigned to Grucci or i-

Match for such a device. For this reason, MagicFire strongly believes that the patent referenced in the "Patented G-Match" is the '707 patent.

16. Paul McKinley, one of the inventors of the '977 patent, the CEO of MagicFire and an expert in technology related to pyrotechnic displays, examined publicly available videos and information on the Grucci website and elsewhere. Based on his expertise in the pyrotechnic industry and his familiarity with the '977 patent, McKinley determined through this review that the services provided by Grucci and the products used as part of those services employ the Patented FireOne System and more generally cannot operate without infringing certain of the claims of the '977 patent.

### MagicFire's Attempts to Further Examine Grucci's Products

17. On October 8, 2015, MagicFire wrote to Grucci informing Grucci of the '977 patent and requested ten samples of the Grucci Patented G-Match products, including schematics, bills of material, software, application and install information, for the purpose of analyzing whether the products (when used) come within the scope of the claims of the '977 patent. Because the products are otherwise unavailable for examination, the letter noted that the general unavailability of the G-Match Products and the lack of publicly available information about the products would make a complete product study impossible unless Grucci provided samples. A copy of the October 8, 2015 letter is attached as Exhibit 8. Grucci did not provide the requested samples for analysis or respond in any way to this letter.

18. On November 16, 2015 MagicFire sent a follow-up letter to Grucci again requesting ten samples of its G-Match products so that it could analyze whether the products (when used) came within the scope of the '977 patent. This letter is attached as Exhibit 9. Grucci did not respond to this follow-up request, forcing MagicFire to resort to the judicial

process and the aid of discovery to obtain information required to confirm its belief that Grucci is infringing the '977 patent.

## COUNT I

### (Infringement of U.S. Patent No. 6,490,977)

19. MagicFire re-alleges and incorporates herein by reference, the allegations of Paragraphs 1-18 of this Complaint as if fully set forth herein.

20. Defendant Grucci has infringed, is continuing to infringe, and has induced others to infringe, the '977 patent, either literally or under the doctrine of equivalents, by, *inter alia*, selling fireworks display services incorporating components claimed in the '977 patent.

21. Defendant has not obtained a license to offer for sale in the United States fireworks displays using the components claimed in the '977 patent.

22. Unless Defendant is preliminarily and permanently enjoined by this Court from selling fireworks displays incorporating components claimed in the '977 patent, MagicFire will be substantially and irreparably injured.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a) That the Court determine that Grucci has infringed, is infringing, or will infringe, one or more claims of United States Patent No. 6,490,977;

(b) That the Court enter a preliminary injunction restraining Grucci, its officers, agents, attorneys, servants, employees, subsidiaries and all persons in active concert or participation with it, from selling any fireworks display services incorporating components that infringe one or more claims of United States Patent Nos. 6,490,977;

(c) That the Court enter a permanent injunction precluding Grucci, its officers, agents, attorneys, servants, employees, subsidiaries and all persons in active concert or participation with it, from selling any fireworks display services incorporating components that infringe one or more claims of United States Patent Nos. 6,490,977;

(d) That the Court determine that amount of damage caused to MagicFire by Grucci's infringing conduct and enter judgment for MagicFire in the amount of its damages, plus interest and the costs of this action;

(e) That the Court grant such other and further relief as it deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby respectfully requests a jury trial on all issues triable of right by a jury.

MAGICFIRE, INC.

By its attorneys,

 /s/ Michael H. Bunis
Michael H. Bunis (BBO No. 566839)
*mbunis@choate.com*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000

Dated: January 28, 2016